In the Matter of SHELL CREEK SAILING CLUB, INC., Respondent, v. BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Appellant.— In a proceeding pursuant to article 78 of the CPLR, to annul a determination of the Board of Zoning Appeals of the Town of Hempstead, denying the petitioner's application for a special permit use to construct and maintain a private club-

house upon certain premises, the said board appeals from a judgment of the Supreme Court, Nassau County, entered September 15, 1964, which granted the petition; vacated the determination and directed the issuance of such permit. Judgment reversed on the law and the facts; petition dismissed, and the board's determination confirmed, without costs. Findings of fact contained or implicit in the decision below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. It was within the province of the board, under the Zoning Ordinance, in determining whether to grant a permit for a clubhouse in a residence use district, to give consideration to the character of the probable development of uses in the district. The parcel is at the easterly tip of a promontory of Barnum's Island and at the end of an 800-foot highway of Vanderbilt Avenue, an unmaintained town concrete road which is below grade and in very poor condition. The clubhouse is proposed to be used for 50 members and guests in conjunction with operation of 50 sailboats, some of which are to be berthed on the perimeter of the parcel and others moored in an area east of adjoining Shell Creek in Garret Marsh. About 275 feet east of the parcel is a sandbar which must be avoided. The area about the proposed clubhouse, some of it marshland, is mainly vacant, but, in its findings, the board regards the area's probable use to be for a fully developed community of dwellings. It finds that the sandbar constitutes a hazardous bottleneck with 50 sailboats subject to wind and tide added to normal traffic. It also finds that such a clubhouse, equipped with a bar, will be an annoyance to the future adjoining dwellers. These and other findings are not without basis. It cannot be held that the denial is capricious. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.